## Case No. 12,612.
### SEDGWICK v. GRINNELL.
[9 Ben. 429.] [1]

District Court, S. D. New York. April, 1878.

BANKRUPTCY—MORTGAGE — FORECLOSURE—AS-SIGNEE—RIGHT TO REDEEM.

1. After a petition in bankruptcy was filed and before an adjudication, a suit to foreclose a mortgage given by the bankrupt was commenced in a state court, in which suit the bankrupt was a party defendant. The foreclosure suit was ended by a decree of foreclosure, and a sale and conveyance of the mortgaged property, before the assignee in bankruptcy was appointed. He subsequently brought a suit to redeem the property: Held, that, under the decision in Eyster v. Gaff, 91 U. S. 521, his right to redeem was cut off by the decree in the suit.

2. The title to the property remained in the bankrupt until the assignment was made to the assignee in bankruptcy, the right of the bankrupt to redeem was cut off by the decree, and no right to redeem passed to the assignee in bankruptcy.

[This was a bill in equity by John Sedgwick, assignee of Frederick S. Kirtland and others, against George B. Grinnell.]

T. M. North, for plaintiff.
Martin & Smith, for defendant.

BLATCHFORD, Circuit Judge. The petition in bankruptcy was filed March 18th, 1870. The suit to foreclose the mortgage was commenced May 9th, 1870. The mortgagor, Kirtland, was made a party to that suit. The adjudication of bankruptcy was made May 28th, 1870. The judgment of foreclosure and sale was entered July 15th, 1870, the sale took place August 23d, 1870, the deed of the referee to the defendant was given September 23d, 1870, the report of sale was filed September 26th, 1870, and the report as to surplus moneys was filed October 1st, 1870. The plaintiff was appointed assignee December 15th, 1870, and the assignment was made to him December 23d, 1870. It thus appears, that all the proceedings in the foreclosure of the mortgage took place between the time the petition in bankruptcy was filed and the time the plaintiff was appointed assignee. The plaintiff was not made a party to the foreclosure suit, and claims that his title to the mortgaged premises relates back to the 18th of March, 1870, a date before the foreclosure suit was commenced, and that his right to redeem from the mortgage was not cut off by the decree in the suit.

In Eyster v. Gaff, 91 U. S. 521, the foreclosure suit had been commenced before the peti-

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

tion in bankruptcy was filed, but the decree of foreclosure was made after the assignee in bankruptcy was appointed. The assignee was not made a party to the foreclosure suit. The question was whether the legal title to the mortgaged premises which passed to the assignee was divested by the foreclosure proceedings. The supreme court held, that, at the time the suit was commenced, the mortgagor was vested with the title and was the proper and necessary defendant; that, but for the bankruptcy of the mortgagor, the sale under the foreclosure decree and the deed would have vested the title in the purchaser, and such title would have related back to the date of the mortgage; that, as the suit was commenced against the mortgagor when the title or equity of redemption was in him, any person who took his title, or any interest he had, pending the suit, would have been bound by the proceedings and would have had his rights foreclosed by the decree and sale; that a transfer made to an assignee in bankruptcy by a bankruptcy proceeding will not prevent the court from proceeding with the foreclosure suit without the presence of the assignee in bankruptcy, nor affect the title of the purchaser who buys under the decree; and that the adjudication of bankruptcy did not divest the jurisdiction of the court in which the foreclosure suit was pending. In the present case, the foreclosure suit was brought before the adjudication of bankruptcy was made. I think the principles established in Eyster v. Gaff [supra] apply to the present case. The fact that, in Eyster v. Gaff, the foreclosure suit was brought before the petition in bankruptcy was filed does not alter the case. The state court had jurisdiction of the suit, of its subject matter and of the parties to it. If the adjudication of bankruptcy did not divest it of such jurisdiction, a fortiori the filing of the petition in bankruptcy did not. The plaintiff did not acquire any title till the 23d of December, 1870, and before that time the title and equity of redemption in the mortgagor had been divested by the foreclosure proceedings.

Nor does the fact that the statute declares that the assignment to the assignee in bankruptcy shall relate back to the commencement of the proceedings in bankruptcy, and that "thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee," alter the case. This is shown by the decision of the supreme court in Hampton v. Rouse, 22 Wall. [89 U. S.] 263. That case holds, that an adjudication of bankruptcy does not divest the bankrupt of his title to either his real or personal estate; that, prior to the assignment to the assignee, the title of the bankrupt's estate remains unchanged; that the question is not affected by the fact that the statute provides that the assignment shall relate back to the commencement of the proceedings, as the instrument of assignment cannot operate, either retrospectively or prospec-

tively, before it is executed; that, until an assignee is appointed and the assignment is made to him, the title to the property remains in the bankrupt; and that, in that respect, the present statute differs from the act of 1841 [5 Stat. 440], under which the decree of bankruptcy divested the title. As the title to the mortgaged premises remained in the bankrupt up to the 23d of December, 1870, his right and equity of redemption were cut off by the foreclosure decree, and no right to redeem passed to the plaintiff.

It is not established that the firm composed of the bankrupts was insolvent on the 30th of December, 1867. The mortgage covered guarantees of the successive renewals of the two original notes. But these questions, and any question as to the payment of the mortgage, were concluded by the decree in the foreclosure suit, not only as against the mortgagor, but as against the assignee in bankruptcy.

The bill is dismissed, with costs to the defendant, to be paid out of the estate in bankruptcy.

[For subsequent proceedings in this litigation, see Case No. 12,613.]